## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **MICHAEL B. CONSTANCE,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| **vs.** | )   **CIVIL NO. 10-460-GPM** |
| | ) |
| **EDWARD F. BRENNAN,** | )   **Consolidated with:** |
| | )   **CIVIL NO. 10-517-GPM** |
|     **Defendant/Third-Party Plaintiff,** | ) |
| | ) |
| **vs.** | ) |
| | ) |
| **JAMES S. CONNORS,** | ) |
| | ) |
|     **Third-Party Defendant.** | ) |

## <u>MEMORANDUM AND ORDER</u>

**MURPHY, District Judge:**

### I. INTRODUCTION

In this consolidated matter, Michael B. Constance, an attorney, asserts causes of action for fraud and breach of fiduciary duty against Edward F. Brennan, Constance's onetime law partner. Constance originally filed his claims in the Circuit Court of the Twentieth Judicial Circuit, St. Clair County, Illinois, whereupon they were removed to this Court by Brennan, who asserts federal subject matter jurisdiction on the basis of 28 U.S.C. § 1332. Shortly after the removal of Constance's claims against Brennan, Brennan filed a separate suit for indemnification against James S. Connor in this Court. The Court's policy, of course, is to concentrate related cases before a single District Judge. *See Wiess v. Wal-Mart Stores, Inc.*, Civil No. 10-111-GPM, 2010 WL 1948187, at *1 (S.D. Ill. May 13, 2010); *Bourda v. Caliber Auto Transfer of St. Louis, Inc.*,

Civil No. 09-519-GPM, 2009 WL 2356141, at *1 (S.D. Ill. July 31, 2009).  Accordingly, Brennan's

indemnity action was assigned to the undersigned, who consolidated it with Constance's action

against Brennan, with the latter as the lead case.  *See* Doc. 12.  The Court also realigned the parties

according to their correct roles in the consolidated litigation, naming Constance as Plaintiff, Brennan

as Defendant and Third-Party Plaintiff, and Connors as Third-Party Defendant.  *See* Doc. 13.

Currently the consolidated cases are before the Court on a motion by Constance for remand of his

claims against Brennan to state court for lack of federal subject matter jurisdiction (Doc. 50).

The motion has been fully briefed and the Court rules as follows.

## II. ANALYSIS

The principal issue presented for resolution by Constance's motion for remand is Brennan's

state citizenship for purposes of federal subject matter jurisdiction in diversity.  For a court to

exercise jurisdiction on the basis of diversity of citizenship, an amount in excess of $75,000,

exclusive of interest and costs, must be in controversy and there must be complete diversity of

citizenship.  *See* 28 U.S.C. § 1332(a)(1); *LM Ins. Corp. v. Spaulding Enters. Inc.*, 533 F.3d 542, 547

(7th Cir. 2008); *Driscoll v. Brown & Crouppen, P.C.*, Civil No. 09-859-GPM, 2009 WL 3770190,

at *1 (S.D. Ill. Nov. 10, 2009); *Yount v. Shashek*, 472 F. Supp. 2d 1055, 1057 (S.D. Ill. 2006).

Complete diversity of citizenship means, of course, that "none of the parties on either side of the

litigation may be a citizen of the state of which a party on the other side is a citizen."  *Howell v.

Tribune Entm't Co.*, 106 F.3d 215, 217 (7th Cir. 1997).  *See also McCready v. eBay, Inc.*, 453 F.3d

882, 891 (7th Cir. 2006) ("For a case to be within the diversity jurisdiction of the federal courts,

diversity must be 'complete,' meaning that no plaintiff may be a citizen of the same state as any

defendant."); *Krueger v. Cartwright*, 996 F.2d 928, 931 (7th Cir. 1993) ("Under the rule of complete

diversity, if there are residents of the same state on both sides of a lawsuit, the suit cannot be maintained under the diversity jurisdiction even when there is also a nonresident party."). Brennan contends that Constance is a citizen of Illinois while he, Brennan, is a citizen of Florida, so that diversity of citizenship is complete. However, Constance contends that Brennan is a citizen of Illinois, so that diversity of citizenship is not complete.[1]

Brennan, as the proponent of federal subject matter jurisdiction in this instance, must prove by a preponderance of the evidence that the prerequisites for the exercise of diversity jurisdiction exist in this case. *See McNutt v. General Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 189 (1936); *NLFC, Inc. v. Devcom Mid-America, Inc.*, 45 F.3d 231, 237 (7th Cir. 1995); *Crumer v. Target Corp.*, Civil No. 07-836-GPM, 2007 WL 4373950, at *1 (S.D. Ill. Dec. 14, 2007). In the context of this case, then, Brennan must show that jurisdiction existed both when this case was filed and when it was removed. *See Kanzelberger v. Kanzelberger*, 782 F.2d 774, 776-77 (7th Cir. 1986); *Baker v. Johnson & Johnson*, Civil No. 10-283-GPM, 2010 WL 1802171, at *11 (S.D. Ill. Apr. 21, 2010); *Tullis v. Wal-Mart Stores, Inc.*, Civil No. 09-935-GPM, 2009 WL 3756640, at *2 (S.D. Ill. Nov. 9, 2009). Constance and Brennan each have submitted evidence to the Court regarding Brennan's state citizenship. "[W]here evidence pertinent to subject matter jurisdiction has been submitted . . . 'the district court may properly look beyond the jurisdictional allegations of the [party invoking federal jurisdiction] . . . to determine whether in fact subject matter jurisdiction

---

1.    The Court notes in passing that it is not concerned with the state citizenship of Connors, as Connors's citizenship is irrelevant to the existence of federal jurisdiction with respect to Constance's claims against Brennan. *See Constance v. Brennan*, Civil Nos. 10-460-GPM, 10-517-GPM, 2010 WL 3303165, at *1 n.1 (S.D. Ill. July 23, 2010). However, the Court will be required to address the existence of federal subject matter jurisdiction with respect to Brennan's claims against Connors presently.

exists.'" *Sapperstein v. Hager*, 188 F.3d 852, 855 (7th Cir. 1999) (quoting *United Transp. Union v. Gateway W. Ry. Co.*, 78 F.3d 1208, 1210 (7th Cir. 1996)).  A court can consider any evidence before it in evaluating the existence of subject matter jurisdiction in a removed case, including evidence gathered after removal that sheds light on whether federal jurisdiction existed when the case was filed and when it was removed.  *See Harmon v. OKI Sys.*, 115 F.3d 477, 479-80 (7th Cir. 1997); *Ford v. Keck*, No. 06-cv-667-DRH, 2007 WL 1022003, at *4 (S.D. Ill. Apr. 2, 2007); *Cassens v. Cassens*, 430 F. Supp. 2d 830, 834 n.2 (S.D. Ill. 2006).

For purposes of federal diversity jurisdiction, the state citizenship of a natural person is determined by the state where the person is domiciled, not the state where the person resides.  *See America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992) (citing *Gilbert v. David*, 235 U.S. 561 (1915)) ("In federal law citizenship means domicile, not residence.").  "Domicile ordinarily is understood to mean physical presence and the intent to remain somewhere indefinitely." *Castellon-Contreras v. INS*, 45 F.3d 149, 153 (7th Cir. 1995).  *See also Texas v. Florida*, 306 U.S. 398, 424 (1939) ("Residence in fact, coupled with the purpose to make the place of residence one's home, are the essential elements of domicile."); *Dakuras v. Edwards*, 312 F.3d 256, 258 (7th Cir. 2002) ("[D]omicile is the place one intends to remain[.]"); *Denlinger v. Brennan*, 87 F.3d 214, 216 (7th Cir. 1996) ("[I]t takes physical presence in a state, with intent to remain there, to establish domicile.").  Intent to establish a domicile has been described as "a state of mind which must be evaluated through the circumstantial evidence of a person's manifested conduct." *Sadat v. Mertes*, 615 F.2d 1176, 1181 (7th Cir. 1980).  Furthermore, "it is well-established that in ascertaining intent to remain for purposes of establishing domicile a party's entire course of conduct may be taken into account.  It is not enough to simply establish physical

presence, but in order to turn residence in fact into a domicile in law the party must show, by some objective act, his intention to maintain the residency indefinitely." *Perry v. Pogemiller*, 16 F.3d 138, 140 (7th Cir. 1993) (citation omitted).

In determining a party's domicile for diversity purposes, courts examine a variety of factors, including, but not limited to: the party's current residence; the location of the party's belongings and personal property; the party's voter registration, driver's license, and vehicle registrations; the party's place of employment; the location of the party's family members; and the extent of the party's social involvement in the surrounding community. *See, e.g., Sadat*, 615 F.2d at 1181 n.5 ("A party's voting practice . . . is only one of the factors considered in determining that person's domicile."); *Ner Tamid Congregation of N. Town v. Krivoruchko*, 620 F. Supp. 2d 924, 931 (N.D. Ill. 2009) (in determining domicile, relevant factors include current residence, voting registration and voting practices, location of personal and real property, location of financial accounts, membership in unions and other associations, place of employment, driver's license and automobile registration, and tax payments); *24 Hour Fitness USA, Inc. v. Bally Total Fitness Holding Corp.*, No. 08 CV 3853, 2008 WL 4671748, at *3 (N.D. Ill. Oct. 21, 2008) (factors to be considered in evaluating domicile typically include "current residence, location of belongings and personal property, voter registration, driver's license and vehicle registrations, place of employment, presence of family members, and extent of social involvement in the surrounding community, among others."); *Gravdahl v. Conwell*, No. 00 C 0579, 2002 WL 398599, at *1 (N.D. Ill. Mar. 14, 2002) (relevant factors in evaluating domicile include "current residence, voting registration, driver's license and automobile registration, location of personal property, place of employment or business, membership in clubs or other associations, family ties and payment of taxes."). No single factor is

dispositive in determining domicile, and "statements of intent are entitled to little weight when in conflict with the facts." *Sadat*, 615 F.2d at 1181.  Additionally, courts have created a presumption that favors an individual's old, established domicile over a newly-acquired one.  *See, e.g., Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986) (citing *Holmes v. Sopuch*, 639 F.2d 431, 434 (8th Cir. 1981)); *Hawes v. Club Ecuestre El Comandante*, 598 F.2d 698, 701 (1st Cir. 1979); *Janzen v. Goos*, 302 F.2d 421, 425 (8th Cir. 1962); *Stine v. Moore*, 213 F.2d 446, 447 (5th Cir. 1954); *Zafar v. Matlock*, No. 92 C 5807, 1992 WL 370171, at *1 (N.D. Ill. Dec. 2, 1992). Thus, "[a] domicile once established, whether by origin or choice, continues until a new domicile is acquired." *Koerber v. Apollo Golf, Inc*., No. 93 C 711, 1993 WL 39630, at *1 (N.D. Ill. Feb. 16, 1993).  "The four elements of change are:  (1) physical abandonment of the first domicile, (2) intention not to return, (3) physical presence in the new domicile, and (4) intent to make that his domicile; and in order to effect a change of domicile the old domicile must be abandoned, without an intention to return to it, and a new domicile acquired in another jurisdiction with the intention of making it a permanent home." *Id*. at *2.

The parties concede that Brennan has been in the past a domiciliary of Illinois, and therefore the presumption is that Brennan remains an Illinois citizen for purposes of federal diversity jurisdiction.  The evidence of record also is overwhelmingly clear that Brennan is a citizen of Illinois, not Florida.  Brennan resides primarily at a house that he owns in St. Clair County, Illinois, on which he pays taxes in St. Clair County.  Brennan also owns a second home in St. Clair County that currently is occupied by his estranged wife, together with a number of apartment buildings and other real property located in, and taxed in, St. Clair County.  Conversely, Brennan owns no real property in Florida, and when he is in Florida he stays at the home of a friend there.  Given that

Brennan's primary residence is in Illinois, it follows that most of his personal property is in Illinois, although it appears that Brennan has some personalty, in the form of furniture, in Florida. Brennan is licensed to drive in Illinois and is registered to vote in St. Clair County, although it appears that Brennan recently acquired a Florida driver's license and registered to vote in Florida. Because, as already has been noted, subject matter jurisdiction in a removed case must exist both when the case was filed and when it was removed, the Court disregards Brennan's Florida driver's license and voter registration, both of which were acquired after the filing of this case. *See Johnson v. Wattenbarger*, 361 F.3d 991, 993 (7th Cir. 2004) (citing *Freeport-McMoRan Inc. v. K N Energy, Inc.*, 498 U.S. 426 (1991)) ("Whether § 1332 supplies subject-matter jurisdiction must be ascertained at the outset; events after the suit begins do not affect the diversity jurisdiction."); *Moore v. Ashland Oil, Inc.*, 901 F.2d 1445, 1448 (7th Cir. 1990) ("The relevant citizenship for diversity purposes is the citizenship of the parties at the time the federal suit was filed.").

With respect to Brennan's place of employment, as was noted by the Court in an earlier order in this case Brennan has an active license to practice law in Illinois and maintains a law office in St. Clair County. *See Constance*, 2010 WL 3303165, at *1. As was also noted by the Court in its earlier order in this case, although Brennan owns a corporation incorporated under Florida law that buys and sells recreational boats, the corporation's principal place of business is in St. Clair County. *See id*. With respect to the location of Brennan's family members, as noted, Brennan's estranged wife, who is the only member of Brennan's family of which the Court is aware, resides in St. Clair County. Concerning Brennan's social involvement in the surrounding community, Brennan is a member of a number of professional associations in Illinois, as well as the St. Clair County Country Club. Conversely, Brennan owns a recreational boat that he keeps in Florida and holds a

maritime captain's license from a school in Florida. Finally, Brennan receives Social Security payments in St. Clair County and conducts his business and personal banking there, and both Brennan's regular physician and financial advisor are located in St. Louis, Missouri, adjacent, of course, to St. Clair County. Reviewing the record in light of the presumption of Brennan's continuing domicile in Illinois, the weight and quality of Brennan's contacts with Illinois point to his citizenship here for purposes of federal diversity jurisdiction. Although it appears that Brennan intends to retire to Florida in the near future, he has not yet acquired a new domicile there. Accordingly, the Court finds that Brennan is a citizen of Illinois and therefore diversity of citizenship as between him and Constance is not complete. Accordingly, Constance's claims against Brennan must be remanded to state court for lack of subject matter jurisdiction, although the Court will retain jurisdiction as to Brennan's claims against Connors.

Before turning to the matter of Brennan's claims against Connors, the Court will address briefly Constance's request for an award of attorney fees and costs against Brennan. Under 28 U.S.C. § 1447, "[a]n order remanding [a] case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The decision to grant or deny an award of costs, including attorney fees, in a case remanded to state court is committed to a district court's discretion. *See Wolf v. Kennelly*, 574 F.3d 406, 410 (7th Cir. 2009) (citing *King v. Illinois State Bd. of Elections*, 410 F.3d 404, 411 (7th Cir. 2005)); *Garbie v. DaimlerChrysler Corp.*, 211 F.3d 407, 410 (7th Cir. 2000). However, in *Martin v. Franklin Capital Corp.*, 546 U.S. 132 (2005), the Court significantly restricted a district judge's discretion with respect to awards under Section 1447(c). Specifically, the *Martin* Court held that, "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the

removing party lacked an objectively reasonable basis for seeking removal." *Id*. at 141.  In the Seventh Circuit a removal is objectively unreasonable only if it violates Seventh Circuit law as that law has been established by the decisions of the United States Court of Appeals for the Seventh Circuit and the Supreme Court of the United States.  *See Lott v. Pfizer, Inc*., 492 F.3d 789, 793-94 (7th Cir. 2007); *Dudley v. Putnam Inv. Funds*, Civil No. 10-327-GPM, 2010 WL 1756882, at *5 (S.D. Ill. May 3, 2010); *Bancroft v. Bayer Corp*., Civil No. 09-787-GPM, 2009 WL 3156706, at *5 (S.D. Ill. Sept. 29, 2009); *Kalbfleisch v. Columbia Cmty. Unit Sch. Dist. Unit No. 4*, 644 F. Supp. 2d 1084, 1090 (S.D. Ill. 2009).  Although the removal of this case was improper, it did not flout binding authority, save in the over-general sense that the removal contravened the traditional rule of complete diversity of citizenship.  The Court concludes that Brennan is a citizen of Illinois, but this fact was not immediately apparent at the time of removal so as to make the removal transparently improper.  To ascertain Brennan's citizenship it was necessary for the parties to conduct discovery and submit briefing and evidence to the Court.  As noted, the record indicates that it is Brennan's plan at some point in the near future to retire to Florida and engage in the business of buying and selling recreational boats there, although as discussed Brennan has not yet acquired a domicile in Florida.  Also, Brennan was able in fact to adduce some evidence of Florida citizenship as of the time the case was removed, such as his Florida driver's license and his Florida voter registration, although for the reasons stated the Court was not able to consider these facts for purposes of ascertaining whether complete diversity of citizenship existed in this case at the time the case was filed.  Under all of the circumstances, the Court cannot say that Brennan's removal of this case was objectively unreasonable, and therefore the Court declines to award costs and expenses, including attorney fees, pursuant to Section 1447(c).

The Court turns last to the matter of Brennan's claims against Connors. As noted, shortly after Brennan removed Constance's claims against him, Brennan filed an action in this Court seeking a judicial declaration that Connors must indemnify Brennan if Brennan is found liable to Constance. Federal subject matter jurisdiction in Brennan's action against Connors was asserted on the basis of diversity: Brennan alleged that he and Connors are citizens of, respectively, Florida and California, and the amount in controversy exceeds $75,000, exclusive of interest and costs.[2] Brennan's action against Connors then was consolidated with Constance's removed action against Brennan pursuant to Rule 42(a) of the Federal Rules of Civil Procedure. Although Brennan has been found by the Court to be an Illinois citizen, it appears that all of the prerequisites for the exercise of federal jurisdiction in diversity are satisfied with respect to Brennan's claims against Connors. The fact that Brennan's suit against Connor, in which federal jurisdiction is proper, has been consolidated with Constance's suit against Brennan, in which such jurisdiction is not, does not confer federal jurisdiction on the Court as to the Constance-Brennan action. *See United States for Use of Owens-Corning Fiberglass Corp. v. Brandt Constr. Co*., 826 F.2d 643, 647 (7th Cir. 1987) (a court cannot acquire subject matter jurisdiction by consolidating a case in which it lacks jurisdiction with a case as to which it possesses jurisdiction). By the same token, however, the consolidation of Brennan's suit against Connors with Constance's suit against Brennan does not divest the Court of jurisdiction as to the former suit. In general, of course, "consolidation is permitted as a matter of

---

2. As Brennan acknowledges in his response to Constance's remand motion, this Court has held on a prior occasion that Connors is a citizen of Illinois for purposes of federal diversity jurisdiction. If so, then because Brennan is an Illinois citizen, diversity of citizenship is not complete as to Brennan's claims against Connors. As neither Brennan nor Connors have put in dispute whether the latter is a California citizen, however, the Court will assume that Brennan's jurisdictional allegations regarding Connors's citizenship are true, until such time as they may be contested. *See Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 540-41 (7th Cir. 2006).

convenience and economy in administration, but does not merge the suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another." *Anderson v. Bayer Corp.*, Civil No. 09-988-GPM, 2010 WL 148633, at *3 (S.D. Ill. Jan. 13, 2010) (quoting *Johnson v. Manhattan Ry. Co.*, 289 U.S. 479, 496-97 (1933)).  *See also* 9A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2382 (3d ed. 1998 & Supp. 2010) ("[I]n a substantial number of cases, . . . federal courts have held that actions do not lose their separate identity because of consolidation[.]") (collecting cases).  *Cf. In re Joint E. & S. Dists. Asbestos Litig.*, 124 F.R.D. 538, 541 (S.D.N.Y. 1989) (diversity jurisdiction over an action was not destroyed by consolidation of that action with a second action in which complete diversity of citizenship was lacking).  Brennan's suit against Connors should have been brought as a third-party complaint pursuant to Rule 14(a) of the Federal Rules of Civil Procedure in Constance's suit against Brennan, not as a separate action, and in fact before Brennan filed his action against Connors the Court specifically instructed Brennan's counsel to bring Brennan's claims against Connors as part of Constance's action, instructions that Brennan's counsel chose to ignore.  In any event, Brennan elected to proceed against Connors by way of a separate action in which the requirements of diversity jurisdiction seem to be met, and the Court sees no choice but to retain jurisdiction as to Brennan's claims against Connors.  *See Illinois Bell Tel. Co. v. Illinois Commerce Comm'n*, 740 F.2d 566, 569 (7th Cir. 1984) (quoting *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976)) ("Where a district court properly has subject matter jurisdiction in a case, it has a 'virtually unflagging obligation' to exercise that jurisdiction.").  The Court will sever Constance's claims against Brennan from Brennan's claims against Connors and remand the former claims to state court, while retaining jurisdiction as to the latter claims.

### III. Conclusion

It is hereby **ORDERED** that Constance's claims against Brennan are **SEVERED** from Brennan's claims against Connors.  It is **further ORDERED** that Constance's motion for remand of his claims against Brennan to state court (Doc. 50) is **GRANTED**.  Pursuant to 28 U.S.C. § 1447(c) Constance's claims against Brennan are **REMANDED** to the Circuit Court of the Twentieth Judicial Circuit, St. Clair County, Illinois, for lack of federal subject matter jurisdiction. Brennan's motion for summary judgment (Doc. 8), motion to disqualify counsel (Doc. 42), and motion to dismiss (Doc. 56) are **DENIED as moot**.  The Clerk of Court is directed to mail a copy of this Order to the clerk of the St. Clair County court and to close the file in this case. All further proceedings in this Court between Brennan and Connors shall be in *Brennan v. Connors*, Civil No. 10-517-GPM.

**IT IS SO ORDERED.**

DATED:  September 17, 2010

/s/ G. Patrick Murphy
G. PATRICK MURPHY
United States District Judge